P.M. Bessette (Bar No. 127588)
Amber Lee Kelly (Bar No. 117006)
**DEMLER, ARMSTRONG & ROWLAND, LLP**
101 Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone:  (415) 949-1900
Facsimile:  (415) 354-8380
Email:      bes@darlaw.com
            alk@darlaw.com

Attorneys for Defendant
NATIONAL STEEL AND SHIPBUILDING COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKOLAUS J. MARCHER and LYNNE MARCHER,<br><br>Plaintiffs,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>Defendants. | Case No.: 2:22-cv-00059-RGK-MRW<br><br>Los Angeles County Superior Court Case No. 21STCV42171<br><br>**EX PARTE APPLICATION OF PLAINTIFFS AND NASSCO FOR ORDER REMANDING ACTION TO STATE COURT, COUNTY OF LOS ANGELES**<br><br>Judge:      Hon. R. Gary Klausner<br>Courtroom: 850<br>Location:   255 E. Temple Street, 8th Floor<br>            Los Angeles, CA 90012<br><br>Complaint Filed:  November 16, 2021<br>Trial Date:       None Set |

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that Plaintiffs NIKOLAUS J. MARCHER and LYNNE MARCHER (hereinafter "Plaintiffs") and Defendant NATIONAL STEEL AND SHIPBUILDING COMPANY (hereinafter "NASSCO") hereby apply for an order remanding this action to the Superior Court of the State of

1

EX PARTE APPLICATION OF PLAINTIFFS AND NASSCO FOR ORDER REMANDING ACTION TO STATE COURT, COUNTY OF LOS ANGELES

California, County of Los Angeles.  This application is based upon the court's file herein and the concurrently-filed Stipulation to Remand to the Superior Court of Los Angeles.

## INTRODUCTION

Plaintiffs originally filed this action on November 16, 2021, in Los Angeles Couty Superior Court, Case No. 21STCV42171.  (Complaint, Submitted with Notice of Removal, Dkt. No. 1.)  The matter was subsequently removed to this court by Defendant NATIONAL STEEL AND SHIPBUILDING COMPANY (hereinafter "NASSCO") pursuant to 28 U.S.C. §§ 1331 and 1442(a)(1) on January 4, 2022.  (Dkt. No. 1.)

Plaintiffs' Complaint alleges that Mr. Marcher was exposed to asbestos-containing products over the course of his multi-year employment as an insulator during the 1970s and 1980s and names over three dozen defendants.  Plaintiffs generally allege that Mr. Marcher experienced exposure to asbestos during his employment at multiple civilian and military jobsites.  Exposures are alleged to include products that were manufactured by numerous defendants as well as at premises sites, including power plants, Naval facilities, a Naval shipyard, the *USS DULUTH (LPD-6)*, the *USS CONSTELLATION (CV-64)*, industrial sites, a Marine base and NASSCO.  The Complaint includes causes of action against NASSCO for Negligence, Strict Products Liability, Premises Liability, Loss of Consortium, and a prayer for punitive damages.  Exhibit A to Plaintiffs' Complaint describes Mr. Marchers' alleged NASSCO-related exposures as follows:

**Employer:**  Owens Corning.

**Location of Exposure:**  NASSCO – San Diego, CA.  USS Duluth and Exxon Valdez or Exxon ship.

**Job Title:**  Insulator

**Exposure Dates:**  Approximately the mid-1970s

2

(Dkt. No 1 at 30:12-13.)

NASSCO, a government contractor and shipbuilder/repairer, removed the action to this court based on Plaintiffs' allegations of exposure aboard a U.S. Navy vessel, the *USS DULUTH (LPD-6)*, which NASSCO repaired.

## **STIPULATION TO REMAND**

On January 24, 2022, Plaintiffs filed a "Notice Confirming Disclaimer of Any Causes of Action or Claims to Which a "Government Contractor" Defense Might Apply." (Dkt. No. 68.). The Notice states:

> Mr. Marcher worked at both government and civilian work sites during his lengthy career as an insulator, but his complaint is only directed at asbestos exposures sustained at civilian work sites. To the extent that there is any ambiguity, plaintiffs further confirm that they are not asserting, and hereby expressly disclaim, any cause of action or claim to which a "government contractor" defense might apply.

On January 25, 2022, Plaintiffs notified NASSCO of their intention to file a Motion to Remand based on their disclaimer of claims that might give rise to federal defenses. Following meet and confer discussions, Plaintiffs and NASSCO entered into a stipulation, a true and correct copy of which is concurrently filed hereto as Attachment 1. The Stipulation reads as follows:

- Plaintiffs' claims against NASSCO are only for asbestos exposures that took place during Nikolaus Marcher's work on and aboard civilian, non-government, vessels.
- Plaintiffs disclaim and waive any federal and state law claims against NASSCO arising from asbestos exposure during Nikolaus Marcher's work aboard U.S. Navy and U.S. Government ships, including the *USS DULUTH (LPD-6)* and *USS CONSTELLATION (CV-64),* as well as at any U.S. Government installation, U.S. Government jobsite or

EX PARTE APPLICATION OF PLAINTIFFS AND NASSCO FOR ORDER REMANDING ACTION TO STATE COURT, COUNTY OF LOS ANGELES

military base.

- Plaintiffs disclaim and waive any federal or state law claims against NASSCO that might trigger defenses conferring federal jurisdiction including government contractor defenses under *Boyle v. United Technologies Corp.*, 487 U.S. 500, 504 (1988), *Yearsley v. W.A. Ross Constr. Co.* (1940) 309 U.S. 18, as well as the "federal enclave" defense and/or the alleged "combatant activities" doctrine.
- This agreement shall be valid in this U.S. District Court action as well as in Los Angeles County Superior Court Case No. 21STCV42171.
- Plaintiffs do not oppose NASSCO's FRCP 12(b)(6) Motion to Dismiss Plaintiffs' Second Cause of Action for Strict Product Liability (Dkt. No. 52.) and will file a dismissal with prejudice of the Second Cause of Action as to NASSCO.

Plaintiffs and NASSCO further stipulated and agreed that given Plaintiffs' disclaimer and waiver of claims against NASSCO arising out of exposures aboard U.S. Government ships, specifically the *USS DULUTH (LPD-6)* and *USS CONSTELLATION (CV-64)*, as well as at any U.S. Government installation, U.S. Government jobsite or military base, federal subject matter jurisdiction does not exist, and the matter should be remanded to Los Angeles County Superior Court.

Based on the forgoing, Plaintiffs and NASSCO request an order from this court remanding the action to the Superior Court, County of Los Angeles.

Dated:  February 2, 2022          DEAN OMAR BRANHAM SHIRLEY, LLP

By:  _____
          Benjamin H. Adams
          Attorneys for Plaintiffs
          NIKOLAUS J. MARCHER and LYNNE MARCHER

EX PARTE APPLICATION OF PLAINTIFFS AND NASSCO FOR ORDER REMANDING ACTION TO STATE COURT, COUNTY OF LOS ANGELES

Dated:  February 2, 2022                DEMLER, ARMSTRONG & ROWLAND, LLP


By:  _____
P.M. Bessette
Attorneys for Defendant
NATIONAL STEEL AND SHIPBUILDING COMPANY

EX PARTE APPLICATION OF PLAINTIFFS AND NASSCO FOR ORDER REMANDING ACTION TO STATE COURT, COUNTY OF LOS ANGELES

# ATTACHMENT 1

P.M. Bessette (Bar No. 127588)
Amber Lee Kelly (Bar No. 117006)
**DEMLER, ARMSTRONG & ROWLAND, LLP**
101 Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone:  (415) 949-1900
Facsimile:  (415) 354-8380
Email:      bes@darlaw.com
            alk@darlaw.com

Attorneys for Defendant
NATIONAL STEEL AND SHIPBUILDING COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKOLAUS J. MARCHER and LYNNE MARCHER,<br><br>                          Plaintiffs,<br><br>        v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>                          Defendants. | Case No.: 2:22-cv-00059-RGK-MRW<br><br>Los Angeles County Superior Court Case No. 21STCV42171<br><br>**STIPULATION TO REMAND ACTION TO STATE COURT; AND [PROPOSED] ORDER REMANDING ACTION TO STATE COURT**<br><br>Judge:      Hon. R. Gary Klausner<br>Courtroom: 850<br>Location:   255 E. Temple Street<br>            8th Floor<br>            Los Angeles, CA 90012<br><br>Complaint Filed:  November 16, 2021<br>Trial Date:       None Set |

Plaintiffs NIKOLAUS J. MARCHER and LYNNE MARCHER (hereinafter "Plaintiffs") originally filed this action on November 16, 2021, in Los Angeles County Superior Court, Case No. 21STCV42171.  (Complaint, Submitted with Notice of Removal, Dkt. No.  1.)  The matter was subsequently removed to this court by Defendant NATIONAL STEEL AND SHIPBUILDING COMPANY

STIPULATION TO REMAND ACTION TO STATE COURT; AND [PROPOSED] ORDER REMANDING ACTION TO STATE COURT

(hereinafter "NASSCO") pursuant to the federal officer removal statute (28 U.S.C. 1442(a)(1)) on January 4, 2022.  (Dkt. No. 1.)

Plaintiffs' Complaint alleges that Mr. Marcher was exposed to asbestos-containing products over the course of his multi-year employment as an insulator during the 1970s and 1980s and names several defendants.  Plaintiffs allege that Mr. Marcher experienced exposure to asbestos during his employment at multiple civilian and military jobsites.  Exposures are alleged to include products that were manufactured by numerous defendants as well as at premises sites, including power plants, Naval facilities, a Naval shipyard, the *USS DULUTH (LPD-6)*, the *USS CONSTELLATION (CV-64)*, industrial sites, a Marine base and NASSCO. The Complaint includes causes of action against NASSCO for Negligence, Strict Products Liability, Premises Liability, Loss of Consortium, and a prayer for punitive damages.  Exhibit A to Plaintiffs' Complaint describes Mr. Marchers' alleged NASSCO-related exposures as follows:

**Employer:**  Owens Corning.

**Location of Exposure:**  NASSCO – San Diego, CA.  USS Duluth and Exxon Valdez or Exxon ship.

**Job Title:**  Insulator

**Exposure Dates:**  Approximately the mid-1970s

(Dkt. No 1 at 30:12-13.)

NASSCO, a government contractor and shipbuilder/repairer, removed the action to this court based on Plaintiffs' allegations of exposure aboard a U.S. Navy vessel, the *USS DULUTH (LPD-6)*, which NASSCO repaired.  On January 24, 2022, Plaintiffs filed a "Notice Confirming Disclaimer of Any Causes of Action or Claims to Which a "Government Contractor" Defense Might Apply." (Dkt. No. 68.).  The Notice states:

Mr. Marcher worked at both government and civilian work sites during his lengthy career as an insulator, but his complaint is only

STIPULATION TO REMAND ACTION TO STATE COURT; AND [PROPOSED] ORDER REMANDING ACTION TO STATE COURT

directed at asbestos exposures sustained at civilian work sites.  To the extent that there is any ambiguity, plaintiffs further confirm that they are not asserting, and hereby expressly disclaim, any cause of action or claim to which a "government contractor" defense might apply.

Plaintiffs have notified NASSCO of their intention to file a Motion to Remand based on their disclaimer of claims that might give rise to federal defenses.  In their proposed motion, plaintiffs asserted that NASSCO cannot prove the requirements of federal officer removal, namely the existence of a "colorable federal defense."  Following meet and confer discussions, Plaintiffs and NASSCO stipulate and agree as follows:

- Plaintiffs' claims against NASSCO are only for asbestos exposures that took place during Nikolaus Marcher's work on and aboard civilian, non-government, vessels.
- Plaintiffs disclaim and waive any federal and state law claims against NASSCO arising from asbestos exposure during Nikolaus Marcher's work aboard U.S. Navy and U.S. Government ships, including the *USS DULUTH (LPD-6)* and *USS CONSTELLATION (CV-64),* as well as at any U.S. Government installation, U.S. Government jobsite or military base.
- Plaintiffs disclaim and waive any federal or state law claims against NASSCO that might trigger defenses conferring federal jurisdiction including government contractor defenses under *Boyle v. United Technologies Corp.*, 487 U.S. 500, 504 (1988), *Yearsley v. W.A. Ross Constr. Co.* (1940) 309 U.S. 18, as well as the "federal enclave" defense and/or the alleged "combatant activities" doctrine.
- This agreement shall be valid in this U.S. District Court action as well as in Los Angeles County Superior Court Case No. 21STCV42171.
- Plaintiffs do not oppose NASSCO's FRCP 12(b)(6) Motion to

3

Dismiss Plaintiffs' Second Cause of Action for Strict Product Liability (Dkt. No. 52.) and will file a dismissal with prejudice of the Second Cause of Action as to NASSCO.

Plaintiffs and NASSCO further stipulate and agree that given Plaintiffs' disclaimer and waiver of claims against NASSCO arising out of exposures aboard U.S. Government ships, specifically the *USS DULUTH (LPD-6)* and *USS CONSTELLATION (CV-64)*, as well as at any U.S. Government installation, U.S. Government jobsite or military base, federal subject matter jurisdiction does not exist, and the matter should be remanded to Los Angeles County Superior Court.

Dated:  February 1, 2022          DEAN OMAR BRANHAM SHIRLEY, LLP

By: _____
    Benjamin H. Adams
    Attorneys for Plaintiffs
    NIKOLAUS J. MARCHER and LYNNE
    MARCHER

Dated:  February 1, 2022          DEMLER, ARMSTRONG & ROWLAND, LLP

By: _____
    P.M. Bessette
    Attorneys for Defendant
    NATIONAL STEEL AND SHIPBUILDING
    COMPANY

4

STIPULATION TO REMAND ACTION TO STATE COURT; AND [PROPOSED] ORDER REMANDING ACTION TO STATE COURT

## **ORDER**

BASED ON THE ABOVE STIPULATION AND GOOD CAUSE APPEARING, federal subject matter jurisdiction does not exist in this action and the court GRANTS the application of Plaintiffs and NASSCO to remand the case to Los Angeles County Superior Court.

Dated: _____

By: _____
Hon. R. Gary Klausner
Judge of the United States District Court for the Central District of California

STIPULATION TO REMAND ACTION TO STATE COURT; AND [PROPOSED] ORDER REMANDING ACTION TO STATE COURT

## CERTIFICATE OF SERVICE

I am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is 101 Montgomery Street, Suite 1800, San Francisco, California 94104.

On February 2, 2022, I served the foregoing document(s) described as **EX PARTE APPLICATION OF PLAINTIFFS AND NASSCO FOR ORDER REMANDING ACTION TO STATE COURT, COUNTY OF LOS ANGELES** on the interested parties in this action addressed as follows:

TO ALL PARTIES
(*See CM/ECF Service List*)

☐	BY MAIL – I placed the document(s) listed above in a sealed envelope and place the envelope for collection and mailing on the date below following the firm's ordinary business practice.  I am readily familiar with the firm's practice of collection and processing for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid in San Francisco, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presume invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐	BY PERSONAL SERVICE – I caused personal delivery of the document(s) listed above to the person(s) at the address(es) set forth above.

☐	BY FACSIMILE TRANSMISSION – I transmitted via facsimile the document(s) listed above to the fax number(s) set forth above on this date before 5:00 p.m.

☐	BY ELECTRONIC TRANSMISSION – Only by emailing the document(s) to the persons at the e-mail address(es).  This is necessitated during the declared National Emergency due to the Coronavirus (COVID-19) pandemic because this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail.  No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. We will provide a physical copy, upon request only, when we return to the office at the conclusion of the national emergency.

☐	BY ELECTRONIC TRANSMISSION – I electronically served the above document(s) via File & ServeXpress on the recipients designated on the Transaction Receipt located on the File & ServeXpress website.

EX PARTE APPLICATION OF PLAINTIFFS AND NASSCO FOR ORDER REMANDING ACTION TO STATE COURT, COUNTY OF LOS ANGELES

☒        BY ELECTRONIC TRANSMISSION – I electronically served the above document(s) via CM/ECF on the recipients designated on the Transaction Receipt located on the CM/ECF website.

☐        BY ELECTRONIC TRANSMISSION – I transmitted electronically the document(s) listed above as set forth on the electronic service list on this date. before 5:00 p.m.

☐        BY FED EX – I placed the document(s) listed above in a sealed envelope designated for Fed Ex overnight delivery and deposited the same with fees thereupon prepaid, in a facility regularly maintained by Federal Express, addressed as set forth above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on February 2, 2022, at San Francisco, California.

_____
Margarita Bermudez

7

EX PARTE APPLICATION OF PLAINTIFFS AND NASSCO FOR ORDER REMANDING ACTION TO STATE COURT, COUNTY OF LOS ANGELES