UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-00059-RGK-MRW | Date | February 24, 2022 |
| Title | *Nikolaus J. Marcher, et al. v. Air and Liquid Systems Corporation, et al.* | | |

JS6

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Matter to Superior Court

### I.   INTRODUCTION AND FACTUAL BACKGROUND

On November 17, 2021, Nikolaus J. Marcher ("Nikolaus") and Lynne Marcher (together, "Plaintiffs") filed a personal injury complaint against numerous defendants in Los Angeles County Superior Court. (*See* Notice of Removal at 5, ECF No. 1.) The complaint alleges that Nikolaus was exposed to asbestos throughout his career as an insulator and lists the employers, products, and worksites that he believes caused his exposure. (*Id.*, Ex. 1 at 30.) The list includes locations where Nikolaus allegedly performed work for government-contracted companies, including on the premises of Defendant National Steel and Shipbuilding Company ("NASSCO"), where Nikolaus worked on the United States Navy ("Navy") ship USS Duluth, and at the North Island Navy Shipyard, where he worked on the USS Constellation. (*Id.*) Because Nikolaus alleged that he suffered injury while working for a government contractor or on government property, NASSCO removed the action to this Court under 28 U.S.C. § 1442(a)(1), the federal officer removal statute.[1]

Shortly after removal, Plaintiffs filed a Notice of Disclaimer ("Disclaimer") with the Court. (ECF No. 68.) In the Disclaimer, Plaintiffs stated that their complaint "alleges no cause of action or claim of recovery based on Mr. Marcher's exposure to asbestos from any NASSCO product or from work performed on premises controlled by the federal government . . . his complaint is only directed at asbestos exposures sustained at civilian work sites." (Disclaimer at 2.) Shortly thereafter, Plaintiffs and NASSCO jointly filed an *ex parte* application to remand the case (the "Remand Application"). The Remand Application clarified and added detail to Plaintiffs' Disclaimer. In light of Plaintiffs' express waiver of any claims that gave rise to jurisdiction under the federal officer removal statute, Plaintiffs and NASSCO requested that the Court remand the case to Superior Court.

---

[1] The federal officer removal statute authorizes a defendant to remove an action to federal court (without the consent of other defendants) if the defendant is either a federal officer or a private company that acted under the authority, direction, or control of a federal officer. 28 U.S.C. § 1442(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-00059-RGK-MRW | Date | February 24, 2022 |
| Title | *Nikolaus J. Marcher, et al. v. Air and Liquid Systems Corporation, et al.* | | |

JS6

Two other defendants[2] objected to the Remand Application, arguing: (1) that they provided materials to the USS Duluth and the USS Constellation; (2) they therefore potentially were government contractors like NASSCO; and (3) while Plaintiffs may have waived their government-based claims as to NASSCO, they had not done so as to other defendants, and thus the Court was required to exercise jurisdiction over the case unless and until Plaintiffs clarified their disclaimer. (*See* Memo. in Opp'n to *Ex Parte* Appl. to Remand, ECF No. 99.) After considering the objections, the Court ordered that to warrant remand, Plaintiffs must clarify their disclaimer and state expressly that they would waive all government or military-based claims as to all defendants in the action. (Order re *Ex Parte* Appl. to Remand Case at 3, ECF No. 136.) Plaintiffs filed a disclaimer to this effect on February 22, 2022. (ECF No. 146.) The same defendants that previously objected to remand filed a renewed objection on February 23, 2022. (ECF No. 160.)

**II.   DISCUSSION**

The federal officer removal statute is a rare exception to the "well-pleaded complaint" rule; even if the complaint does not allege a federal cause of action, the matter is removable so long as a defendant: "(1) [establishes] that it acted under the direction of a federal officer; (2) raises a colorable [federal] defense to the plaintiff's claims; and (3) demonstrates a causal nexus between the plaintiff's claims and acts it performed under color of federal office." *Hukkanen v. Air & Liquid Sys. Corp.*, 2017 WL 1217075, at *2 (C.D. Cal. March 31, 2017). Here, NASSCO's colorable federal defense was the "government contractor" defense[3], which grants immunity from "liability for design defects in military equipment" when "(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988).

However, many courts in the Ninth Circuit have recognized that when the federal officer removal statute is at issue, a plaintiff may expressly waive claims that would give rise to potential federal defenses. *See, e.g., Fisher v. Asbestos Corp.*, 2014 WL 3752020 (C.D. Cal. July 30, 2014); *Lockwood v. Crane Corp.*, 2012 WL 1425157 (C.D. Cal. Apr. 25, 2012). If the plaintiff does so, his waiver is "sufficient to eviscerate [a defendant's] grounds for removal." *Hukkanen*, 2017 WL 1217075, at *2 (ordering remand to state court based on plaintiff's waiver and collecting cases ordering the same).

Plaintiffs in this matter have now expressly waived their government or military-based claims as to all defendants. (*See* Notice Waiving all Government or Military-Based Claims at 1, ECF No. 146.) Accordingly, "remand clearly is appropriate, because [Defendants] cannot prove a causal nexus between [their] government contracts and [Plaintiffs'] claims of exposure at civilian work sites," as required to justify the Court's continued exercise of jurisdiction. *Fisher*, 2014 WL 3752020, at *4 (noting that

---

[2] ViacomCBS, Inc. and General Electric Co.
[3] NASSCO, of course, no longer raises the defense, per its stipulation with Plaintiffs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00059-RGK-MRW | Date | February 24, 2022 |
|---|---|---|---|
| Title | *Nikolaus J. Marcher, et al. v. Air and Liquid Systems Corporation, et al.* | | |

JS6

allowing defendants "to assert a defense against a claim that does not exist" would be an "absurd result").

The objecting defendants present two arguments against remand, neither of which the Court finds convincing. First, they argue that this Court has no discretion to remand because it may have admiralty jurisdiction over the case; in other words, the case would come within the Court's original jurisdiction. However, removal of admiralty cases is permissible only "as long as there is an independent basis for federal jurisdiction." *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 220 (5th Cir. 2013). The objecting defendants thus seem to argue that although the case was removed under federal officer removal—which no longer provides the Court with jurisdiction—the Court now has no power or discretion to remand due to admiralty jurisdiction, which would not have originally allowed for removal. The objecting defendants provide no binding case to support such a result in these specific circumstances, and the Court has found none.

Defendants also argue that removability must be determined at the time of removal and that post-removal waivers of claims, such as Plaintiffs' here, have no effect. (*See* Second Memo. in Opp'n to *Ex Parte* Appl. at 3–4, ECF No. 158 (citing *Sparta Surgical Corp. v. Nat'l Ass'n of Secs. Dealers*, 159 F.3d 1209 (9th Cir. 1998).) The Court does not hold that Plaintiffs' waiver retroactively makes NASSCO's removal improper. Rather, the Court is exercising its discretion to remand a case that no longer has any colorable federal claim or defense. *See Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) (Although "post-removal amendments to the pleadings cannot affect whether a case is removable . . . [d]ismissal of the federal claim would . . . ordinarily[] have authorized the district court to remand the pendent state law claims").

**III.   CONCLUSION**

For the foregoing reasons, the Court **REMANDS** the matter to Superior Court.

**IT IS SO ORDERED.**

cc: Los Angeles County Superior Court, 21STCV42171

| | : | |
|---|---|---|
| Initials of Preparer | | jre/a |